■ HERMAN BRAUCH, Respondent, v INTERSTATE BRANDS CORPORATION, Appellant, and INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS et al., Respondents. — Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Defendant Interstate Brands Corp. (Interstate) appeals from denial of its motion for summary judgment. We reverse and grant the motion. Plaintiff, a former employee of Interstate, sued Interstate, his union (International Association of Machinists and Aerospace Workers) and its district and local lodges (hereinafter referred to collectively as IAM), and IAM's business representative, Nitkowski, for $50,000 damages alleging that he was wrongfully deprived of his pension benefits as a result of a transfer in 1969 (made pursuant to a collective bargaining agreement negotiated between IAM and Interstate) of Interstate's employees from the company plan to the IAM pension fund. Rules pertaining to administration of the IAM fund included a provision terminating benefits to pensioners if the employer's obligation to contribute ceased within four years of its initial contribution date. In 1971 plaintiff retired; in 1972, less than four years after its initial contribution date, Interstate moved from the Buffalo area and ceased to contribute, resulting in termination in 1974 of plaintiff's pension benefits. Plaintiff's first and second causes of action allege among other things that Nitkowski falsely represented to him that under the IAM plan the pension benefits would be greater than under the company plan and that the union and Nitkowski falsely represented to him that his pension benefits would be assured. The only allegations against Interstate, set forth in the third and fourth causes of action, are that it failed to inform plaintiff of the provision of the IAM plan whereby his benefits could be terminated and failed to inform him that it would cease to contribute within four years of its initial contribution date. There is no allegation of misrepresentation or complicity by Interstate in the wrongdoing of the union or Nitkowski. There is no authority for the proposition that the employer has a duty to inform the employee with respect to the effect of terms of a collective bargaining agreement reached as a result of negotiations between the employer and the employee's collective bargaining representative and, in our opinion, the complaint states no cause of action against Interstate. Neither plaintiff nor IAM appeared on the argument or filed briefs opposing Interstate's appeal. This court has been advised that plaintiff has reached a settlement with IAM. (Appeal from order of Erie Supreme Court — summary judgment.) Present — Cardamone, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.